UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SPARKS BELTING COMPANY, a Michigan corporation,

        Plaintiff,

v.

BDL MASCHINENBAUGESELLSHAFT, GMBH, a German limited liability company and BDL-AMERICA, LTD., an Ohio and North Carolina limited liability company,

        Defendants.

_____/

Case No. 1:05-CV-293

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant BDL Maschinenbaugesellshaft, GMBH's ("BDL-Germany") Motion to Compel Arbitration and Dismiss or, in the Alternative Stay Pending Litigation. Plaintiff opposed the Motion and the Court finds oral argument unnecessary. W.D. MICH. LCIVR 7.2(d).

**I.     BACKGROUND**

Plaintiff Sparks Belting Company is a Michigan corporation that manufactures, fabricates, and distributes conveyor belts, accessories, and components from its headquarters in Grand Rapids, Michigan. Defendant BDL-Germany designs and manufactures drum motor drives and motorized pulleys used in conveyor belt systems from its facilities in Wassenberg, Germany. Between December 28, 1998 and January 6, 1999, Plaintiff and Defendant BDL-Germany executed a license and distribution agreement ("Agreement") wherein Plaintiff agreed to distribute Defendant BDL-Germany's products to customers in the Americas and China. The Agreement provided for

automatic renewal at one year intervals unless either party gave written notice six months prior to the Agreement's renewal date that it wished to terminate.

In June 2004, BDL-Germany terminated the Agreement and gave appropriate contractual notice.  In May 2005, Plaintiff sued Defendants in Kent County Circuit Court and Defendant BDL-America removed the action to this Court on diversity jurisdiction.  Plaintiff's state court Complaint charged Defendants with liability under Michigan's Farm and Utility Equipment Act, breach of contract, and requested injunctive and declaratory relief.  After removal, Plaintiff amended its Complaint in this Court to add a claim of tortious interference with contract and business expectancy against Defendant BDL-America.  Defendant BDL-Germany now wishes to arbitrate, dismiss, or at least stay Plaintiff's claims against all Defendants based on the Agreement's arbitration clause.  That provision reads as follows:

> **ARBITRATION:**  All disputes and controversies arising out of or in connection with transactions under this Agreement shall be resolved by binding arbitration by the International Arbitration Tribunal at its offices in Stockholm, Sweden, and any judgment may be entered on any arbitration award by any court of competent jurisdiction.  All arbitration proceedings shall be conducted in the English language.

(Pl.'s First Am. Compl., Ex. 1).  Plaintiff contends that its state statutory claim against Defendant BDL-Germany is not properly arbitrable under the Agreement and that its claims against Defendant BDL-America should not be stayed.

## II.   CONTROLLING STANDARDS

Plaintiff and Defendant BDL-Germany cite to and agree that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), Dec. 29, 1970, 21 U.S.T. 2517, codified at 9 U.S.C. § 201, *et seq.*, govern Defendant BDL-Germany's Motion.

Plaintiff and Defendant BDL-Germany are also in accord concerning the principles espoused by this Court under the FAA in *Denali Flavors, Inc. v. Marigold Foods, L.L.C.*, 214 F. Supp. 2d 784 (W.D. Mich. 2002). In *Denali*, this Court recited the analytical framework that guides its inquiry under the FAA. The Court will first:

> [D]etermine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Id.* at 786 (referencing *Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F. Supp. 1273, 1278 (S.D. Ohio 1990)). Under the Convention, the Court performs a similar inquiry and considers:

> (1) Is there an agreement in writing to arbitrate the subject of the dispute? (2) Does the agreement provide for arbitration in the territory of a signatory of the Convention? (3) Does the agreement arise out of a legal relationship, whether contractual or not, which is considered as commercial? (4) Is a party to the agreement not an American citizen, or does the commercial relationship have some reasonable relation with one or more foreign states?

*Ledee v. Ceramiche Ragno*, 684 F.2d 184, 186-87 (lst Cir. 1982) (internal citations omitted). The Court will consider Defendant BDL-Germany's Motion under these specific modes of inquiry.

### III.   DISCUSSION

Agreements to arbitrate are creatures of contract law and, although there is a strong presumption in favor of arbitration, *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, (1983), the parties will not be required to arbitrate when they have not agreed to do so. *Volt Info. Sci., Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478 (1989). This Court is merely required "to enforce privately negotiated agreements to arbitrate, like other contracts, in

accordance with their terms." *Id.* However, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." *Moses*, 460 U.S. at 24-25.

Plaintiff contends that its Farm and Utility Equipment Act claim is not within the scope of the arbitration clause.[1]

### A.     Plaintiff's Farm and Utility Equipment Act Claim

In 1984, the Michigan Legislature enacted the Farm and Utility Equipment Act ("FUEA"), MICH. COMP. LAWS § 445.1451, *et seq*. Since then FUEA has been amended three times to its current form and provides in pertinent part that "[a] supplier shall not terminate, cancel, fail to renew, or substantially change the competitive circumstances of an agreement without good cause." *Id.* § 445.1457a. Thus, FUEA works to provide liability for covered parties who terminate their contracts without good cause, which is contrary to the parties' discretion under the Agreement to terminate for any reason as long as six months notice is given. For the reasons that follow, the Court finds Plaintiff's FUEA claim arose out of the Agreement.

In *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639 (7th Cir. 1993), the Seventh Circuit Court of Appeals considered when a state statutory claim arose out of the parties' agreement to arbitrate. The Seventh Circuit held that arbitration clauses employing the phrase "arising out of" were exceedingly broad in scope and covered "all disputes having their origin or

---

[1] Plaintiff's Response to Defendant BDL-Germany's Motion wisely devotes no argument to whether the Court should compel arbitration of its breach of contract claim and requests for injunctive and declaratory relief against Defendant BDL-Germany. "Legal contentions, like the currency, depreciate through over-issue." Justice Robert H. Jackson, *Advocacy Before the Supreme Court*, 25 TEMPLE L.Q. 115, 119 (1951). Thus, given that Plaintiff's opposition to arbitrating these claims was principally abandoned and after considering them under *Denali* and *Ledee*, the Court finds that arbitration of Counts Two, Four, and Five of Plaintiff's First Amended Complaint against Defendant BDL-Germany is required under the Agreement.

genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." *Id.* at 642.  The court went on to find that a related state statutory claim that operated to cancel the parties' agreement—arose out of the agreement.

This Circuit is also of the opinion that an "arising out of" arbitration clause is extremely broad. *Cincinnati Gas & Elec. Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir. 1983).

> [A]ny dispute between contracting parties that is in any way connected with their contract could be said to "arise out of" their agreement and thus be subject to arbitration under a provision employing this language.  At the very least, an "arising out of" arbitration clause would "arguably cover[ ]" such [state statutory claims], and, under our cases, this is all that is needed to trigger arbitration.

*Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 578 (6th Cir. 2003) (quoting *Sweet Dreams*, 1 F.3d at 643).

As indicated, Plaintiff's FUEA claim alters the parties' method of contract termination, and thus, that claim has its origin and genesis in the Agreement. *Sweet Dreams*, 1 F.3d at 642. At the very least, Plaintiff's FUEA claim is arguably covered by the Agreement's "arising out of" arbitration clause and that is enough to trigger arbitration. *Highlands Wellmont*, 350 F.3d 568 (quoting *Id.* at 643). Therefore, because the Court finds that Plaintiff's FUEA claim is within the scope of the arbitration clause, it continues its inquiry under *Denali* and *Ledee*.

   **B.**  **Stay of Plaintiff's Claims Against Defendant BDL-America.**

Defendant BDL-Germany, on behalf of BDL-America and citing the interests of equity and judicial economy, asks this Court to stay Plaintiff's claims against BDL-America until resolution of the arbitral claims.[2]  Beyond its cursory appeal to equity and judicial economy, Defendant BDL-

---

[2] Defendant BDL-Germany does not suggest Plaintiff's claims against BDL-America are covered by the arbitration clause.  Moreover, no bases was articulated as to why Defendant BDL-Germany is requesting stay of a claim against a different defendant.  According to Plaintiff, BDL-

Germany has advanced no reason why the Court should stay Plaintiff's claims against BDL-America. Therefore, because a stay of a non-party's claim is discretionary, *Moses*, 460 U.S. at 20 n.23, and since the Court is not aware of any principled reason for a stay, the Court will deny Defendant BDL-Germany's request to stay Plaintiff's claims against BDL-America pending arbitration.

Furthermore, the mandatory stay provision of the FAA, 9 U.S.C. § 3, do not apply to those who are not contractually bound by the Agreement. *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 782 (8th Cir. 2001); *Zimmerman v. Int'l Companies & Consulting, Inc.*, 107 F.3d 344, 346 (5th Cir. 1997); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 529 (7th Cir. 1996); *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 748 (2d Cir. 1991). Since Defendant BDL-America is not a signatory to the Agreement, the Court finds staying claims against it unnecessary.

In summary, Plaintiff can continue with its tortious interference claim and request for injunctive and declaratory relief against Defendant BDL-America in this Court. However, all of Plaintiff's claims against Defendant BDL-Germany must be arbitrated under the Agreement.[3]

## IV. CONCLUSION

Therefore, the Court will grant in part and deny in part Defendant BDL-Germany's Motion to Compel Arbitration and Dismiss or, in the Alternative Stay Pending Litigation. The Motion is

---

Germany maintains a minority ownership interest in BDL-America, and Defendants are represented by separate counsel.

[3] The Court has been advised that there is no arbitral entity known as the International Arbitration Tribunal in Stockholm, Sweden. Defendant BDL-Germany has suggested submission of arbitral claims to the Arbitration Institute of the Stockholm Chamber of Commerce. Plaintiff has not objected to this suggestion. Therefore, pursuant to 9 U.S.C. § 5, the Court will appoint an arbitrator of the parties' choosing from the Arbitration Institute of the Stockholm Chamber of Commerce.

granted in that it sought to compel arbitration of all of Plaintiff's claims against Defendant BDL-Germany.  The Motion is denied in all other respects.[4]  An Order consistent with Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>December 29, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[4] Defendant BDL-Germany's Motion also sought to dismiss Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(3). Because the Court will grant Defendant BDL-Germany's request to compel arbitration of all claims against it, the Court rejects its 12(b)(3) dismissal argument as moot.